HORATIO M. DOTY, Appellant, v. LEMON THOMSON, Respondent.

Where, in an action upon a contract, both parties allege in their pleadings that important provisions of the contract are not embraced in a written agreement executed by them, it is competent for either to establish the omitted provisions by oral evidence.

*Doty* v. *Thompson* (39 Hun, 244) reversed.

(Argued October 29, 1889; decided November 26, 1889.)

APPEAL from an order of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 17, 1885, which reversed a judgment in favor of plaintiff, entered upon the report of a referee, and granted a new trial.

In June, 1882, the plaintiff was the owner and master of the canal boat "Thomas Shallow," and in that month the defendant shipped thereon a cargo of sawdust, under a written instrument, called a bill of lading, of which the following is a copy:

"THOMPSON'S MILL,  
SARATOGA DAM, N. Y., *June* 9, 1882.

"Shipped by Lemon Thomson on board of canal boat Thos. Shallow, Captain H. Doty, the following property in good order, to be delivered in like good order as consigned in the margin.

"For Knickerbocker Ice Co.

"CHAS. H. VAN ZANDT, *Agent.*

"*Albany, N. Y.*

"80 121–128 cds. sawdust.

"To be reshipped.

"Pay captain freight on safe delivery, one dollar 12½ cents per ton, less forty-eight and $\frac{50}{100}$ dollars advanced captain.

"LEMON THOMSON.

"B."

On its way to Albany the boat passed the Waterford weigh-lock, where it was weighed and the following certificate given to the plaintiff:

"WATERFORD WEIGH LOCK, <i>June</i> 10, 1882.

"<i>Weight of Boat and Cargo.</i>

"Boat, Thomas Shallow, of Whitehall.

| | |
|---|---:|
| "Boat and cargo, weight, lbs................ | 256,000 |
| "Empty boat........................ | 71,000 |
| "Cargo, sawdust.......................... | 185,000 |

"T. VAN DER KAR,

"<i>Weigh Master.</i>"

On the twelfth of June the boat reached Albany, and the plaintiff reported its arrival to Van Zandt, who directed the plaintiff to take the boat to Castleton, about eight miles below Albany, on the river, and there discharge its cargo. At this time a controversy arose between the plaintiff and Van Zandt, as to which was to pay the expenses of towing the boat to and from Castleton and the expense of discharging its cargo; each claiming that the other was bound to pay those charges. After some correspondence between Van Zandt and the defendant, Van Zandt, on the fifteenth of June, delivered to the plaintiff another so-called bill of lading, of which the following is a copy:

"ALBANY, <i>June</i> 15, 1882.

"Shipped in good order, by Douglas L. White & Co., on board boat Thomas Shallow, the following described property, to be delivered in like good order, as consigned in the margin. Consignee for Wm. H. Phibbs, Esq., ice dealer, Castleton, N Y.

"Description — 80, 121–128 cds. of sawdust, pay captain freight on safe delivery, one dollar 12½ cents per ton, less forty eight and $\frac{50}{100}$ dollars, advanced captain.

"DOUGLAS L. WHITE & CO.

"E."

On the fifteenth of June the boat was towed to Castleton, and on the same day the consignee was notified of its arrival, but he failed to discharge the cargo until June twenty-first.

This action was brought to recover freight on 92½ tons of sawdust at $1.12½ per ton, equals ......................... $104 06
Less $48.50 advanced...............   48 50
                                                  ———
                                                  $55 56
Damages for four days detention at Albany.....   40 00
Damages for four days detention at Castleton....   40 00
Towing from Albany to Castleton and return.. .    8 00

                                                  ———
                                                  $143 56

The defendant denied his liability for any of the sums mentioned, and alleged that the plaintiff was indebted to him in $34.40, the expense of taking the cargo out of the boat.

The referee found that the defendant was indebted to the plaintiff for freight...................   $55 56
Damages for four days detention at Castleton....   40 00

                                                  ———
                                                  $95 56

The referee also found that by the contract the plaintiff was required to shovel the sawdust into baskets, so that it could be elevated from the boat, but that he failed to do this and that the consignee necessarily expended in doing this work $10.50, which sum he deducted from $95.56 and ordered judgment for $85.06, with interest from December 9, 1882.

Further facts appear in the opinion.

*J. A. Hyland* for appellant. Parol evidence of a verbal agreement is competent, although contracts or other instruments in writing have been executed in pursuance of such agreement and by way of partial performance thereof. (*Barker* v. *Bradley*, 42 N. Y. 316.) Where in part performance of an entire parol contract a part only is reduced to

writing, parol evidence of the contract· is competent. (*Hope*
v. *Balen*, 58 N. Y. 380 ; *Bostwick* v. *B. & O. R. R. Co.*, 45
id. 712 ; *Guillaume* v. *G. T. Co.*, 100 id. 491, 498; *Swift* v.
*P. M. S. S. Co.*, 21 Week. Dig. 400 ; *Chapin* v. *Dobson*, 78
N. Y. 74 ; *Gage* v. *Jacqueth*, 1 Lans. 207.)

*I. Lawson* for respondent. ·A writing expressing reciprocal
obligations, when signed by one of the parties and delivered
to and acted upon by the other, is binding upon both accord-
ing to its terms. (*Fitzhugh* v. *Winan*, 9 N. Y. 566 ; *Creery*
v. *Holly*, 14 Wend. 30 ; *Niles* v. *Culver*, 8 Barb. 205 ; *White*
v. *Van Kirk*, 25 id. 16 ; *Putnam* v. *Freeman*, 71 id. 590 ;
*Long* v. *N. Y. C. R. R. Co.*, 50 N. Y. 76 ; *Hinckley* v.
*N. Y. C. R. R. Co.*, 56 id. 429 ; *Belger* v. *Dinsmore*, 51 id. 166 ;
*Younger* v. *W. U. T. Co.*, 65 id. 163 ; *A. D. Co.* v. *Leavitt*,
54 id. 35 ; *Belmont* v. *Coman*, 22 id. 439 ; *Spalding* v.
*Hallenbeck*, 35 id. 207 ; *Milton* v. *H. R. S. Co.*, 4 Lans. 76 ;
*Justice* v. *Langs*, 42 N. Y. 498 ; *The Princeton*, 3 Blatchf.
54.) Such contracts cannot be contradicted, added to, or
varied by parol evidence, although signed only by one party,
if accepted and acted upon by the other. (*Fitzhugh* v. *Winan*,
9 N. Y. 559 ; *Long* v. *N. Y. C. R. R. Co.*, 50 id. 76 ; *Creery*
v. *Holly*, 14 Wend. 25 ; *White* v. *Ashton*, 51 N. Y. 280 ;
*Niles* v. *Culver*, 8 Barb. 205 ; *Hinckley* v. *N. Y. C. R. R.*
*Co.*, 56 N. Y. 429 ; *White* v. *Van Kirk*, 25 Barb. 16 ; *Milton*
v. *H. R. S. Co.*, 4 Lans. 76 ; *Collendar* v. *Dinsmore*, 55
N. Y. 200 ; *Alston* v. *The M. M. Ins. Co.*, 4 Hill, 329.)
Even the obligations implied by law from the terms of such
an instrument cannot be contradicted, varied or added to by
parol evidence. (*La Farge* v. *Rickert*, 5 Wend. 187 ; *Creery*
v. *Holly*, 14 id. 30, 31 ; *Thompson* v. *Ketcham*, 8 Johns. 190 ;
*Thorp* v. *Ross*, 4 Abb. Ct. of App. Dec. 416.)

FOLLETT, Ch. J. For the purpose of establishing a right to
recover the $80 claimed as damages for detention and the $8
paid for towing, the plaintiff was permitted to testify that
the so-called bills of lading did not embrace the entire con-
tract under which the cargo was shipped, and that it was only

agreed that the cargo was to be unloaded alongside, and in case the boat was sent below Albany the defendant was to pay for towing it from Albany to its destination and return. The defendant objected to this evidence upon the ground that the bills of lading were the best and only evidence of the contract, and that testimony was inadmissible to vary the contract expressed in them.

The defendant, in his answer, alleged : " That said cargo was, by the agreement made for the shipment thereof, to be transferred from the place of shipment to Albany, and from thence to any place between Albany and Poughkeepsie to which the same might be directed to be transported by said Charles H. Van Zandt, Agt., upon said canal boat ' Thos. Shallow,' without being removed or transferred therefrom, such transportation to be completed, and delivery of said cargo to be made at the place of final destination, at the rate of one dollar $12\frac{1}{2}$ cents per cord."    *    *    *

" That by said agreement the freight upon said cargo was to be at and after the rate of one dollar twelve and one-half cents per cord, delivered at the place to which said Charles H. Van Zandt, Agt., might direct the same to be transported, as aforesaid, and that if the bill of lading or agreement for the transportation of said cargo stated that the same was to be transported for one dollar twelve and one-half cents per ton, such statement was inserted therein by mistake, and contrary to the agreement and understanding of the plaintiff and defendant with reference thereto."    *    *    *

" That by the contract for the transportation of said cargo it was agreed by the plaintiff that he would, in the discharging of said cargo, do so much of the labor necessary therefor as should consist in filling the baskets or other vessels by means of which said cargo should be discharged and removed, and that the plaintiff failed and refused so to do, and the defendant was compelled to, and did, procure such labor to be done, which labor was worth the sum of $34.40."

Both parties having alleged in their pleadings that important provisions of their contract were not embraced in the

bills of lading, it was competent for either to establish the omitted provisions by oral evidence.

The weigh-master's certificate was received as evidence of the weight of the cargo over the defendant's objection " as incompetent." The weight was a relevant fact. Conceding that the weight could not be proved by the certificate, and that the objection clearly related to the mode of proving instead of the right of proving the weight, the ruling was not one for which the judgment, entered on the report of the referee, should have been reversed. No issue was made over the weight of the cargo. The record shows that the plaintiff gave oral evidence that a cord of sawdust weighs one and one-eighth of a ton, which makes the weight of the cargo ninety-two and one-half tons, which evidence was not disputed.

Two other exceptions are referred to in the respondent's brief as sufficient to sustain the reversal, but we do not think so.

The judgment of the General Term should be reversed, and the judgment, entered on the report of the referee affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.